Burlington Northern and Santa Fe Railway Company v. Public Service Company of Oklahoma                                                                 Doc. 51

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, ) ) ) | |
| Applicant, ) ) | |
| vs. ) ) | Case No. 05-CV-53-TCK-FHM |
| PUBLIC SERVICE COMPANY OF OKLAHOMA, ) ) ) ) | |
| Respondent. ) | |

## ORDER

Before the Court is The Burlington Northern and Santa Fe Railway Company's ("BNSF") Motion to Reconsider the July 14, 2006 Arbitration Confirmation Order and Final Judgment ("Motion to Reconsider") (Doc. 47). For the reasons outlined below, the Court GRANTS BNSF's Motion to Reconsider and finds that entry of the Order confirming the Arbitration Award and corresponding Judgment was in error and resulted in manifest injustice.

In the instant case, an Arbitration Board granted an award in favor of Public Service Company of Oklahoma ("PSO"), which was issued on April 24, 2006. PSO then filed a Motion for Order Confirming Arbitration Award and Motion for Entry of Judgment on Award ("Motion to Confirm") (Doc. 38) on May 9, 2006 pursuant to Section 9 of the Federal Arbitration Act ("FAA"). *See* 9 U.S.C. § 9 (permitting a party to an arbitration to seek confirmation of an award "at any time within one year after the award is made"). BNSF responded in opposition to the Motion to Confirm on May 19, 2006 (Doc. 40). In its response brief, BNSF argued the Court should deny PSO's Motion to Confirm because the Court lacked jurisdiction to grant the motion before expiration of the three-month period in which BNSF could move to vacate, modify, or correct the award. *See* 9

U.S.C. § 12 (stating that notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered). In the alternative, BNSF argued that the Court should enter an order continuing PSO's Motion to Confirm until BNSF "had the opportunity to file a petition to vacate, modify or amend the Award on or before July 24, 2006." (BNSF's Resp. to Mot. to Confirm 4.)

One month later, on June 16, 2006, BNSF filed a Motion to Amend its Response Brief in Opposition to Confirmation of the Arbitration Award to File ("Motion to Amend") (Doc. 42). BNSF brought this motion "to inform the Court that BNSF will timely file, on or before July 24, 2006, a motion to vacate the arbitration award of April 24, 2006." (BNSF's Motion to Amend 1.) In its Motion to Amend, BNSF also presented argument that the arbitration panel exceeded its authority "when it decided an issue that is not subject to arbitration under the parties' contract." (*Id.*) BNSF further requested that the "Court stay consideration of PSO's motion to confirm until BNSF has filed, and the Court has considered, the motion to vacate, modify and/or correct the April 24 award and that the Court consider the motion to confirm and the motion to vacate together." (*Id.* 3.) The Court did not rule on BNSF's Motion to Amend.

On July 18, 2006, this Court entered an Order Confirming Arbitration Award (Doc. 44) along with a corresponding Judgment (Doc. 45). BNSF now moves the Court to reconsider its entry of the Order and Judgment. In support of this motion, BNSF argues that "notions of fundamental fairness, and the interests of justice, warrant the reconsideration and revocation BNSF seeks so that the merits of BNSF's motion to vacate the arbitration award are considered." (BNSF's Motion to Reconsider 1.) BNSF cites the seminal case of *The Hartbridge (In re North of England Steamship Company, Limited)*, 57 F.2d 672 (2d Cir. 1932), to buttress its position, arguing that because the

2

facts of *Hartbridge* are analogous to those presented in the instant case, the Court should follow *Hartbridge* and consider BNSF's motion to vacate before confirming the arbitration award. Notably, PSO also cites *Hartbridge* in its response to BNSF's Motion to Reconsider, arguing that this case actually stands in opposition to BNSF's position. Analysis of *Hartbridge* is key in determining whether the Court erred in confirming the arbitration award before BNSF filed its Motion to Vacate.

In *Hartbridge*, a party to an arbitration moved to confirm the arbitration award less than one month after the award was entered. The appellant filed affidavits challenging the court's jurisdiction to confirm the award before the end of the three-month period permitted for service of notice of a motion to vacate. The appellant stated in its affidavits that it intended to move to vacate the award within the three-month period, but could not yet file a motion because of the loss of certain exhibits used during the arbitration. The district court confirmed the award before appellant filed its motion to vacate. On appeal before the Second Circuit, the court rejected appellant's argument that the confirmation of the award was premature and outside the jurisdiction of the district court. Specifically, the court stated:

> Section 12 requires that notice of a motion to vacate an award must be served within three months after the award is filed or delivered, but there is nothing in such requirement to suggest that the winning party must refrain during that period from exercising the privilege conferred by section 9 to move "at any time" within the year [to confirm the award]. We regard the jurisdiction of the court to enter the order of confirmation as beyond question.

*Id.* at 673. Accordingly, *Hartbridge* directly contradicts BNSF's position that this Court was without jurisdiction to confirm the arbitration award prior to BNSF's filing of its Motion to Vacate. As clearly indicated in *Hartbridge*, the Court was well within its jurisdiction to do so, as PSO was not under any obligation to wait to confirm its award until the expiration of the three-month period

3

in which BNSF was permitted to file a motion to vacate. *Id.*; s*ee RPJ Energy Fund Mgmt., Inc. v. Collins*, 552 F. Supp. 946, 950 (D. Minn. 1982) ("Nothing in the [FAA] indicates that a party may not seek confirmation of an [arbitration] award prior to the passage of the three months provided for seeking to vacate or modify the award.") (rejecting argument that motion for confirmation of arbitration award was premature because it was made before the three-month deadline for filing a motion to vacate, modify, or correct the award).

However, simply because a court has jurisdiction in which to take a particular action does not necessarily mean that such action is equitable, proper, or without error. Again, *Hartbridge* is instructive as to this point. Although the Second Circuit found that the district court had jurisdiction to confirm the arbitration award prior to the filing of a Motion to Vacate, the *Hartbridge* court reversed the district court's confirmation of the award. Specifically, the court held "the [district] court erred in confirming the award as of course, when it was advised that objections were to be made but could not be presented because of missing exhibits." 57 F.2d at 673.

The Court finds such rationale applicable in this case. Specifically, the Court holds that it erred in granting the Motion to Confirm as a matter of course when BNSF advised the Court, both in its original response to the Motion to Confirm and in its Motion to Amend, that it wished to file a Motion to Vacate on or before July 24, 2006. The Court also finds that it erred in granting the Motion to Confirm as a matter of course without considering BNSF's Motion to Amend and the arguments contained therein regarding BNSF's position that the Arbitration Board exceeded its authority in granting the award at issue. In the Court's view, granting PSO's Motion to Confirm without first considering the arguments contained in BNSF's Motion to Amend and Motion to Vacate was fundamentally unfair and counter to the interests of justice. It is further in direct

contravention of the general policy favoring decision of cases based on their merits rather than mere technicalities. *See Denver & Rio Grande W. R.R. Co. v. Union Pac. R.R. Co.*, 119 F.3d 847, 848 (10th Cir. 1997).[1]

Therefore, the Court GRANTS BNSF's Motion to Reconsider (Doc. 47), finding that reconsideration of the Order confirming the Arbitration Award and corresponding Judgment is proper in order to "correct clear error" and "prevent manifest injustice." *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (listing same as a circumstance in which a motion to reconsider should be granted). The Order and Judgment entered on July 18, 2006 (Docs. 44 and 45) are accordingly VACATED. PSO is ordered to file a substantive response to BNSF's Motion to Vacate within eighteen (18) days of the date of this Order, to which BNSF may reply within fourteen (14) days. *See* LCvR7.2(e) & (h).

**SO ORDERED this 20th day of FEBRUARY, 2007.**

_____
**Terence Kern**
**United States District Judge**

---

[1] Although the Court notes that BNSF would have been well-advised to file its Motion to Vacate in response to PSO's Motion to Confirm, so as to avoid the possibility that the Motion to Confirm could be granted prior to consideration of BNSF's Motion to Vacate, the Court does not agree with PSO's position that BNSF waived its opportunity to file a Motion to Vacate when it failed to do so by May 30, 2006. *See Chauffeurs, Teamsters, Warehousemen and Helpers, Local Union No. 135 v. Jefferson Trucking Co., Inc.,* 628 F.2d 1023, 1026 (7th Cir. 1980) ("We agree with the analysis of [*Hartbridge*] [by] the district court in the instant case that: A careful reading of the facts of *Hartbridge* shows that a motion to confirm the arbitration award was made within one month of the award. In that context, the court indicated that a motion to vacate could still be timely filed within the three-month period, even though filed after the motion to confirm.") Pursuant to Section 12 of the FAA, BNSF's limitation period for filing its Motion to Vacate was July 24, 2006. *See* 9 U.S.C. § 12.